FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS-EDWARD-ELMER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SUZI CASTELO, private and professional capacity; LINDA MILLER SHEETS, private and professional capacity; STEVE RAMSEY, private and professional capacity; MICHAEL BAUMGARTNER, private and professional capacity; JOE HOLLENBACK, private and professional capacity; SPOKANE COUNTY; and STATE OF WASHINGTON<br><br>    Defendants. | No. 2:22-CV-00325-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court are Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 39, and Motion for Order to Prohibit Communication, ECF No. 49. Plaintiff is *pro se*. Defendants are represented by Casey A. Evans and Dayle Andersen, Jr. The motions were heard without oral argument.

Defendants argue that Plaintiff failed to plead facts sufficient to survive a Rule 12(b)(1) and 12(b)(6) motion to dismiss for lack of subject-matter jurisdiction

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** # 1

and failure to state a claim upon which relief can be granted. After reviewing the briefing and the relevant case law, the Court agrees and grants Defendants' motion to dismiss.

## Factual Background and Procedural History

The following facts are construed from Plaintiff's Second Amended Complaint, ECF No. 36.

After notice of a tax assessment, Plaintiff makes numerous claims related to property taxes upon his purported real property. Plaintiff argues Defendants are engaged in "felonious actions of collusion" against Plaintiff. Plaintiff alleges Defendants committed forgery and violated the Fair Debt Collections Practices Act ("FDCPA") and, Fourth and Fifth Amendments to the U.S. Constitution.

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject-matter jurisdiction. A complaint "should not be dismissed unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 535–36 (9th Cir. 1995). When considering a motion to dismiss, courts accept all well-pleaded allegations of material fact as true and construes them in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Rule 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** # 2

556 U.S. 662, 678 (2009). In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id*. at 679. It is not enough that a claim for relief be merely "possible" or "conceivable," but "plausible on its face." *Id*. at 662.

## Applicable Law and Discussion

1. *The Ability to Levy Taxes on Real Property*

Plaintiff did not state a claim for violation of a constitutional right. States possess a concurrent authority to tax real property. *See Mayor, Aldermen & Commonalty of City of New York v. Miln*, 36 U.S. 102, 107 (1837). Under Article VII, § 1 of the Washington State Constitution:

> The power of taxation shall never be suspended, surrendered, or contracted away. All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax and shall be levied and collected for public purposes only. The word "property" as used herein shall mean and include everything, whether tangible or intangible, subject to ownership. All real estate shall constitute one class.

Chapter 36.21 of the Revised Code of Washington provides for the position of a County Assessor whose duties include the "responsibility of valuing real property for the purposes of taxation[.]" RCW § 36.21.015. Furthermore, "[a]ll property now existing … shall be subject to assessment and taxation for state, county, other taxing district purposes[.]" *Id.* § 84.36.005. The county treasurer is vested with the authority to collect and receive all taxes "extended upon the tax rolls of the court, whether levied for … municipal or other purposes." *Id.* § 824.56.050(1).

"A local government authorized both to impose and to collect … taxes … may contract with the county treasurer or treasurers within which the local government is located to collect … taxes." *Id.* § 84.56.035. The Washington State Department of Revenue is authorized by statute "to direct and to order any count board of equalization to raise or lower the valuation of any taxable property, or to add any property to the assessment list, or to perform or complete any other duty

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** # 3

1  required by statute." *Id.* § 84.08.060. In the event of a taxation dispute arising out
2  of real property taxes determined by the County Assessor, the taxpayer must
3  appeal the determination to the County Board of Equalization who has jurisdiction
4  to hear all appeals as may be authorized by statute. Wash. Admin. Code § 458-14-
5  015.
6      Plaintiff's constitutional claims relate solely to the assessment and taxation
7  of his real property. The authority to tax properties is a concurrent authority under
8  both the U.S. and Washington State Constitutions and is further defined by
9  Washington State statute. Spokane County possesses a legal right to tax such
10 property, there is no basis in law or fact to support Plaintiff's assertion of
11 constitutional violations for the mere assessment and collection of local property
12 tax. Thus, Plaintiff's constitutional claims are dismissed.
13    2. Forgery
14    Forgery is the "making, dealing, or possessing any counterfeit obligation or
15 other security of the United States" with the "intent to defraud … any falsely made,
16 forged, counterfeited, or altered obligation or other security of the United States.
17 18 U.S.C. §§ 470, 472. Section 473 criminalizes persons engaged in acts of
18 forgery. *Id.* § 473. Since this is a civil lawsuit, not a criminal indictment, the Court
19 dismisses Plaintiff's forgery claim.
20    3. *Fair Debt Collection Practices Act*
21    The FDCPA applies to debt collectors but specifically excludes actions
22 against "any officer or employee of the United States or any State to the extent that
23 collecting or attempting to collect any debt is in the performance of his official
24 duties." 15 U.S.C. § 1692a(6)(C). Since local and state governments are explicitly
25 excluded, the Court dismisses Plaintiff's FDCPA claim.
26    4. *The Tax Injunction Act*
27    The Tax Injunction Act ("TIA") constrains federal court jurisdiction over
28 enjoining, suspending, or restraining the "assessment, levy, or collection of any tax

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** # 4

under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 512 (1981) (stating that district courts may not enjoin state tax administration "except in instances where the state-court remedy is not 'plain, speedy, and efficient'").

Plaintiff has not shown that Spokane County's tax assessment and collection process is not "plain, speedy, and efficient." Thus, the Court dismisses Plaintiff's TIA claim for lack of subject-matter jurisdiction.

## Conclusion

The general thesis of Plaintiff's complaint is that Plaintiff believes he should not be subject to tax, Washington State and Spokane County lack authority to levy and/or collect such taxes, and efforts to do so violate the U.S. and Washington State Constitutions. Plaintiff failed to state a claim upon which relief can be granted. Therefore, his claims are dismissed.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS # 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 39, is **GRANTED**. Plaintiff's Second and Third Amended Complaint are **DISMISSED**.

2. Defendants' Motion for Order to Prohibit Communications, ECF No. 49, is **DISMISSED as moot**.

3. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order, provide copies to counsel, and **close the file**.

**DATED** this 11th day of July 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** # 6